IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TRUMAN ARNOLD COMPANIES,                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 2:09cv31-M-S

SOUTHAVEN CONOCO, LLC, et al.,                              DEFENDANTS

Consolidated with

SALAH ELHURAIBI, FOUAD ALHUREBI, et al.,                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 2:09cv137-M-S

SOUTHAVEN CONOCO, LLC, et al.,                              DEFENDANTS

**ORDER**

This matter is before the court on motion of the plaintiff to compel discovery (# 68,69). The court has examined the plaintiffs' motion and the discovery responses attached to the motion. However, because plaintiffs' counsel did not follow the local rule, the court is unable to grant the present motion. Local Rule 37(a) provides, among other things, that "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." Counsel shall then file along with its motion a Good Faith Certificate bearing the signature or endorsement of "all counsel." Because the certificate must be signed by all counsel, the procedure often alerts the allegedly derelict party that this is a matter of some seriousness. It also demands that the parties confer with more than simply a letter and nothing else. Additionally, the Uniform Local Rule 37(b) requires movant to quote verbatim each discovery request to which the motion is addressed or state the objections, grounds and reasons in immediate succession to the quoted discovery request. The plaintiff's

motion fails to meet the requirements of Local Rule 37(b).

The court would note that denial of the present motion is in no way intended as a position on the merits of the motion. Should plaintiff's counsel attempt to confer in good faith and receive what it believes unsatisfactory responses, and if the federal and local rules are followed, the court will consider the matter at that time. Defense counsel should likewise be familiar with the rules related to discovery motions, including Rule 37(b)(2)(C), which provides for payment of expenses should plaintiffs' counsel be forced to file a second motion and the court find the answers to the propounded discovery inadequate.

IT IS THEREFORE ORDERED that the plaintiffs' motion to compel discovery responses (# 68,69) is hereby DENIED.

SO ORDERED, this the 5th day of November 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE